**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JINNI TECH LTD; BRUCE ROYCE, | No. 20-35789 |
| Plaintiffs-Appellants, | D.C. No. 2:17-cv-00217-JLR |
| v. | |
| RED.COM, INC.; RED.COM, LLC, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted June 9, 2021[**]
Seattle, Washington

Before: W. FLETCHER, WATFORD, and COLLINS, Circuit Judges.

Jinni Tech Ltd. and its founder Bruce Royce ("Plaintiffs") appeal from the

district court's grant of summary judgment in favor of RED.com, Inc. and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

RED.com, LLC (together, "RED"). We have jurisdiction pursuant to 28 U.S.C. § 1291.

First, Plaintiffs claim that comments posted online by RED's president, Jarred Land, accused Plaintiffs of stealing or hacking RED's intellectual property in order to develop what Plaintiffs describe as a competing product. Plaintiffs argued in their First Amended Complaint and in their opposition to RED's motion for summary judgment that these statements amounted to defamation *per se* as to Bruce Royce and trade libel as to Jinni Tech Ltd. under Washington law. *See Life Designs Ranch, Inc. v. Sommer*, 364 P.3d 129, 134 (Wash. Ct. App. 2015); *Auvil v. CBS 60 Minutes*, 67 F.3d 816, 820 (9th Cir. 1995). In granting summary judgment in RED's favor on these claims with respect to statements concerning unlawful or criminal behavior, the district court relied solely on the ground that no such statements were made by Land. In doing so, however, the district court appears to have inadvertently overlooked Land's statements and instead addressed only comments posted by RED customers and fans. Accordingly, we vacate the summary judgment order as to these two claims and remand to the district court to allow it to consider whether Land's comments constitute defamation *per se* or trade libel. We leave for the district court to address, in the first instance, the parties' additional arguments concerning these claims.

2

Second, we affirm the district court's grant of summary judgment as to Plaintiffs' other claims. These claims include intentional infliction of emotional distress, negligent infliction of emotional distress, false light, tortious interference, and violations under the Lanham Act and Washington's Consumer Protection Act. Plaintiffs cite no authority supporting their argument that damages presumed for purposes of their defamation *per se* claim may be actual damages for the purposes of these other claims. Plaintiffs' argument fails, and we hold that the district court correctly granted summary judgment as to these claims.

Each party shall bear its own costs.

**VACATED in part, AFFIRMED in part.**